THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL ANTONIO EMANUELLI, Defendant and Appellee.

No. 9636. Argued November 18, 1942.—Decided December 23, 1942.

R. *Hernández Matos* for appellant. *M. Rodríguez Ramos, Acting Attorney General, R. A. Gómez, Prosecuting Attorney (Fiscal)*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

On appeal the lower court sentenced the appellant on a charge of abandonment of children, to serve one month in jail and the costs, suspending the sentence provided the defendant would pay an allowance to said minor of $2 weekly for his support. From the complaint it affirmatively appears that the complainant, mother of the minor, was only nineteen years of age when she signed the affidavit and it is not alleged that before filing the complaint, the requirement prescribed by Act No. 108 of April 1940 (Laws of 1940, p. 672),

had been fulfilled although an illegitimate minor sixteen years of age was involved. The appellant maintains that the judgment should be reversed: (*a*) because the lower court lacked jurisdiction to take cognizance of the case; (*b*) because the complaint is insufficient to charge a public offense; (*c*) because the investigation made by the municipal court and provided by said Act No. 108 was admitted in evidence and, lastly, (*d*) because the evidence is insufficient to support a conviction.

■ The first question is grounded on the fact that since the complainant is under twenty-one years of age she lacked legal capacity to verify a complaint. Sections 22 and 23 of the Code of Criminal Procedure in dealing with persons who may file complaints and the mode of doing so, do not require that the complainant be of age. It is enough if she has sufficient capacity to take an oath and that is exactly what the complaint is; and §39 of the Law of Evidence, §401 of the Code of Civil Procedure (1933 ed.), in dealing with persons who can not be witnesses because of their age, limits the prohibition to those children under ten years of age who appear incapable of receiving just impressions of the facts concerning which they are examined or of relating them truly. Since the complainant was nineteen years of age when she verified the complaint, her capacity for such verification in this case can not be questioned by reason of her age.

■ We concede that pursuant to Act No. 108 of 1940 a presumptive father of an illegitimate minor son, sixteen years of age, can not be prosecuted in the regular courts for abandonment of children if no previous demand has been made upon him to admit or deny the paternity and he has failed to appear at the hearing or has denied the paternity. See *People* v. *Lamboy,* 59 P.R.R. 173. But this does not mean that in the complaint filed for a violation of §263 of the Penal Code, which defines and punishes the offense of abandonment of children, there must be alleged that such re-

quirement was fulfilled and that the defendant did not appear or, if he did appear, that he denied the paternity. The special act relating to this matter, Act No. 108 above-mentioned, does not contain such a provision, and §23 of the Code of Criminal Procedure, which provides the manner in which a complaint should be drawn, only requires.that the "affidavit" shall contain, as particularly as can be provided, the nature of the offense and the circumstances surrounding its commission. But the investigation before the municipal judge is not an element to the offense. It is simply a preliminary procedure at the beginning of the prosecution, and it is a known fact that such procedure does not have to be alleged in the complaint. In other words, the question is not a matter of allegations, but of evidence and it is incumbent on the defendant to allege and to prove that the preliminary proceeding did not occur. See *Caples* v. *State,* 26 L.R.A. (N. S.) 1033, 1043; *State* v. *Barnett,* 87 Am. Dec. 471 and its annotation; *Canard* v. *State,* 139 Am. Stat. Rep. 949 and its annotation. In the case of *People* v. *Lamboy, supra,* the question was not alleged as a defect in the information, but it was therein proved that when the trial *de novo* was held in the district court, Act No. 108 was already in force and since the defendant had not been given an opportunity to admit or deny the paternity within the preliminary investigation to which said act refers, this court reversed the judgment on the ground that he had been deprived of such right.

■ The Juvenile Court lacked jurisdiction over this case, contrary to what appellant maintains, because, according to the clear terms of said Act No. 108, that court is vested with said jurisdiction if the defendant admits the paternity at the investigation before the municipal judge or the justice of the peace and later fails to comply with his obligation towards his son. It is true that in the instant case, when the investigation was made on October 14, 1941, and notwith-

standing that the defendant had denied the paternity, the municipal judge erroneously sent the case at the last mentioned date to the Juvenile Court of the District of Ponce; but when he realized his mistake, he filed the proper complaint on April 7, 1942, and instituted the proceeding in the court where the judgment appealed from was rendered.

There is no merit in the contention of the appellant that an adulterous child, such as the one involved herein, is not comprised in the provisions of §263 of the Penal Code. An adulterous child is an illegitimate child and therefore is included in the provisions of said section according to the construction given thereto by this court in the case of *People v. López,* 54 P.R.R. 279. Appellant has not convinced us that the doctrine laid down in said case is erroneous and therefore we can not change it.

The trial court did not err in admitting in evidence the preliminary investigation before the Municipal Judge of Ponce relating to paternity. The prosecuting attorney was not bound to offer the same, for as we have already said, it was a defense which was incumbent on the defendant to raise and to prove and he can not complain of the admission of proof which does not prejudice him in any way.

Lastly, the appellant alleges that the evidence is insufficient to support the judgment. From the record it appears that the defendant did not adduce any evidence in his defense, but confined himself exclusively to the filing of a motion of nonsuit which was dismissed. The evidence offered by the prosecuting attorney, which was believed by the court, tended to prove that the minor to whom the complaint refers is the illegitimate son of the defendant, and that the latter had failed to furnish him the support which he required, at least since August 1941. It is true that some of the witnesses, the complainant herself, among others, testified that after August 1941, probably after this proceeding had been instituted, the defendant offered him certain small

amounts which were rejected because they were insufficient. We do not think that the complainant was compelled to accept them under those conditions. We see no reason why we should disturb the weighing of the evidence by the trial judge.

The appeal should be dismissed and the judgment appealed from affirmed.